**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

KMAL-EL BEY,

    Plaintiff,

v.                                                              Case No. 8:23-cv-2768-TPB-TGW

RE/MAX and RE/MAX ALLIANCE GROUP,

    Defendants.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte* on Plaintiff Kmal-el Bey's complaint, filed on December 6, 2023. (Doc. 1). After review of the complaint, court file, and record, the Court finds as follows:

In this case, it appears that Plaintiff is attempting to sue RE/MAX for breach of contract. He alleges that he sent RE/MAX three notices to "apply the principal's balance to the principal's account for setoff and utilize the interest in order to fulfill the account every month it's due," but they have failed to do so. He appears to claim that this conduct also constitutes securities fraud and extortion. To support jurisdiction, Plaintiff cites to the Federal Reserve Act, Bill of Exchange Act, Truth in Lending Act, and three criminal statutes.[1] Plaintiff's filing references the

---

[1] Plaintiff specifically cites to 18 U.S.C. § 1025 (which prohibits fraud and false pretenses on the high seas), 18 U.S.C. § 656 (which prohibits theft, embezzlement, or misapplication by bank officer or employee), and 18 U.S.C. § 1951 (which prohibits interference with commerce by threats or violence). The Court notes that none of these statutes support jurisdiction in this case, and Plaintiff has no private right of action under any of these criminal statutes.

"Florida Republic," the Uniform Commercial Code, and includes a disclaimer that Plaintiff is not a sovereign citizen, although he uses red, blood-like fingerprints, an image of the Moroccan flag, and language commonly associated with the sovereign citizen movement.

Plaintiff's complaint is incomprehensible and replete with "the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement." *See Sealey v. Branch Banking and Trust Co.*, Case No.: 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). He appears to be attempting to extinguish a lawful and legitimate debt under a bizarre legal theory. The arguments and legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars." *See Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (citing *Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016)). Consequently, this case is dismissed with prejudice as frivolous.

**Plaintiff is warned that if he continues to file frivolous cases in this Court, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the Clerk to not accept future filings by Plaintiff without first obtaining prior leave of the Court.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) This case is **DISMISSED WITH PREJUDICE**.

2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this <u>19th</u> day of December, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**